UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWDESE LIBSCUMB, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3411 |
| | § | |
| ANDREW GILES, CHRISTOPHER | § | |
| DOMINGEZ, ROBERTO MENDEZ, and | § | |
| CITY OF HOUSTON, TEXAS, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT CHRISTOPHER DOMINGUEZ'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Christopher Dominguez, incorrectly named as Christopher Domingez, ("Officer Dominguez"), files this Motion to Dismiss the Plaintiff's Amended Complaint [Dkt. 9], pursuant to Fed. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted and on qualified immunity grounds, respectfully showing the following:

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ ii

NATURE AND STAGE OF PROCEEDING ....................................................................... 1

STATEMENT OF ISSUES .................................................................................................... 1

STANDARD OF REVIEW .................................................................................................... 1

ARGUMENT AND AUTHORITIES ..................................................................................... 3

   I. Plaintiff fails to plausibly establish a constitutional violation to support a 42 U.S.C. § 1983 or bystander liability claim. ............................................................ 3

      A. Plaintiff fails to state a plausible excessive force claim against Officer Dominguez. ................................................................................................. 4

      B. Plaintiff fails to plausibly state a claim for excessive force based on the alleged use of interlocking restraints. ............................................................... 6

      C. Plaintiff fails to state a plausible bystander liability claim against Officer Dominguez. ................................................................................................. 8

   II. Plaintiff cannot meet her burden to overcome Officer Dominguez's qualified immunity. ....................................................................................................................... 11

CONCLUSION AND PRAYER ............................................................................................ 12

CERTIFICATE OF WORD COUNT .................................................................................... 13

CERTIFICATE OF SERVICE ............................................................................................... 144

CERTIFICATE OF CONFERENCE .................................................................................... 14

## NATURE AND STAGE OF PROCEEDING

Plaintiff brought this action on September 12, 2024, asserting claims under 42 U.S.C. § 1983 against the City of Houston and three Houston police officers including Defendant Christopher Dominguez. Dkt. 1. Plaintiff filed an amended complaint on January 27, 2025. Dkt. 9. The City filed motions to dismiss under Rules 12(b)(6) and 12(b)(1), Fed. R. Civ. P. Dkts. 10 and 11. Officer Dominguez moves to dismiss pursuant to Rule 12(b)(6) and on qualified immunity grounds.

## STATEMENT OF ISSUES

1. Plaintiff fails to state a plausible excessive force or bystander liability claim against Officer Dominguez under 42 U.S.C. § 1983.

2. Plaintiff cannot meet her burden to overcome Officer Dominguez's qualified immunity.

## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Courts do not accept as true "legal conclusions couched

as factual assertions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

"Qualified immunity protects officers from suit unless their conduct violates a clearly established [statutory or] constitutional right." *Converse v. City of Kemah*, 961 F.3d 771, 774 (5th Cir. 2020) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003)). "Although qualified immunity is nominally an affirmative defense, the plaintiff bears a heightened burden to negate the defense once properly raised." *Carmona v. City of Brownsville*, 126 F.4th 1091 (5th Cir. 2025) (quoting *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012)).

"[A] plaintiff seeking to overcome qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Carmona*, 126 F.4th 1091 (quoting *Converse*, 961 F.3d at 774 (citation omitted)). Therefore, to succeed in opposition to qualified immunity asserted in a Rule 12(b)(6) motion to dismiss, even where plaintiff adequately pleads the violation of a federal right (statutory or constitutional) (first prong), plaintiff still must adequately plead that "defendant's conduct was objectively [un]reasonable in light of clearly established law" (second prong). *Id.* (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)). To meet the second prong, it is necessary to "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Sligh v. City of Conroe*, 87 F.4th 290, 299 (5th Cir. 2023) (quoting *Morgan*

*v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011) (en banc) (internal quotation marks and citation omitted)). Although this does not mean that "a case directly on point" is required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

In determining whether claims survive a Rule 12(b)(6) motion to dismiss, the court considers the well pleaded facts set forth in the complaint, documents attached to the complaint and matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005); *Whatley v. Coffin*, 496 F. App'x 414, 416 (5th Cir. 2012).

## ARGUMENT AND AUTHORITIES

**I.      Plaintiff fails to plausibly establish a constitutional violation to support a 42 U.S.C. § 1983 or bystander liability claim.**

To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate a violation of the U.S. Constitution or federal law by someone acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (affirmative link needed between injury and conduct of particular defendant)). A plaintiff must specify the personal involvement of ***each*** defendant in a section 1983 proceeding and "cannot make generalized allegations[.]" *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992) (citing *Rizzo*, 423 U.S. at 371-72).

3

The failure to plausibly establish a constitutional violation also disposes of a bystander liability claim. *See Plaintiff-Appellant v. Wood Cty. ( In re Dustynolds)*, No. 22-40381, 2023 U.S. App. LEXIS 10593, at *10 (5th Cir. May 1, 2023) (unpublished) (quoting *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020) (The "Court's resolution of the excessive force claim will also resolve the bystander liability claim.")).

  **A.** **Plaintiff fails to state a plausible excessive force claim against Officer Dominguez.**

To state a claim for excessive force in violation of the Fourth Amendment, a plaintiff must allege facts demonstrating a more than *de minimis* injury that resulted directly and only from a clearly excessive and objectively unreasonable use of force by Officer Dominguez. *Joseph ex rel. Est. of Joseph*, 981 F.3d at 332; *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Cloud v. Stone*, 993 F.3d 379, 381 (5th Cir. 2021) (quoting *Graham*, 490 U.S. at 396). Reasonableness of the use of force is judged "with careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396.

It is axiomatic that, in order to state a claim against an individual government official defendant, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

4

The pleadings are devoid of facts suggesting *any* use of force by Officer Dominguez personally yet include a claim for "Unnecessary Excessive Force and Failure to Intervene … by Defendants Roberto Mendez, Christopher Dominguez." Dkt. 9 at 10 ¶28. Plaintiff specifies that these alleged bystander officers arrived *after* any alleged use of force and the use of interlocking restraints.[1] Plaintiff's only factual basis for suing Officer Dominguez is his alleged presence at the scene when Plaintiff was hogtied for an "extended" time. Dkt. 9 at 4 ¶12, 10 ¶28.

Factually unsupported claims that Officer Dominguez along with all officers on the scene caused Plaintiff's injuries "and death" by excessive force and/or failure to intervene will not survive a 12(b)(6) motion. "'[L]iability is personal.' Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021), quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (affirming dismissal of complaint because "a complaint based on a theory of collective responsibility must be dismissed."). This "pleading structure— lumping all defendants together and asserting identical allegations as to each, without distinction"[2] — is insufficient to state a plausible claim and certainly cannot overcome

---

[1] Dkt. 9 at 4 ¶11-12 ("At this point, several additional officers arrived at the scene including Officers Christopher Domingez and Officer Roberto Mendez.").

[2] *Angelle v. Town of Duson*, No. 6:18-cv-00272, 2018 U.S. Dist. LEXIS 167233, at *26 (W.D. La. Aug. 6, 2018) (citing *Cain v. City of New Orleans*, 2016 U.S. Dist. LEXIS 63510, 2016 WL 2849478, *5 (E.D. La., 2016) (dismissing complaint under Rule 12(b)(6)

each individual defendant's entitlement to qualified immunity. *Johnson ex rel. A.N.E.R. v. City of San Antonio*, No. 22-50196, 2023 U.S. App. LEXIS 9448, at *1 (5th Cir. 2023)(unpublished) (a court must analyze the officers' actions separately).

### B. Plaintiff fails to plausibly state a claim for excessive force based on the alleged use of interlocking restraints.

The Fifth Circuit "[has] never held that an officer's use of a hog-tie restraint is, per se, an unconstitutional use of excessive force." *Zavala v. Harris County*, No. 22-20611, 2023 U.S. App. LEXIS 31008, at *7 (5th Cir. Nov. 21, 2023) (citing *Pratt v. Harris Cty., Tex. (In re Estate of Pratt)*, 822 F.3d 174, 177 (5th Cir. 2016)).  Plaintiff claims *Guiterrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998), and its progeny have banned the use of interlocking technique to restrain "*a medically vulnerable person*,"[3] but pleads no actual facts to show that she was "medically vulnerable."  Even if she did, however, *Guiterrez* would not extend to such allegations:

> "*Gutierrez* does not hold four-point restraint a per se unconstitutionally excessive use of force, nor does it extend beyond its facts as a mirror of the then-unchallenged San Diego Study" on which the Plaintiffs relied in *Gutierrez*. 587 F.3d at 235.  Instead, according to this court in *Hill*, "neither the San Diego Study nor Gutierrez raises a triable fact issue in this case where there is no evidence of drug abuse or drug-induced psychosis."

*Goode v. Baggett*, 811 Fed. Appx. 227 (5th Cir. 2020).

---

after considering insufficient "allegations of collective wrongdoing by all [] defendants") (additional citations omitted).

[3] Dkt. 9 at 5 ¶15 (claiming *Gutierrez* and its progeny have banned the use of interlocking technique to restrain "*a medically vulnerable person*.").

*Guiterrez*—which the Fifth Circuit has limited and continued to question[4] due to the invalidity of the study it relied upon—involved completely different circumstances to those alleged in this case. "[U]nder *Gutierrez*, a plaintiff must show: (1) drug use, (2) positional asphyxia, (3) cocaine psychosis, and (4) hog-tying." *In re Estate of Pratt*, LEXIS 4757, at *27-28 (citing *Wagner v. Bay City, Texas*, 227 F.3d 316, 323-24 (5th Cir. 2000)). In addition, the officers must be aware of both the study relied upon by *Guitierrez,* and "must be aware that the arrestee is on drugs, and thus at a heightened risk, for the rule in *Gutierrez* to apply." *Id.* at *27-28, citing *Hill v. Carroll County, Miss.*, 587 F.3d 230 (5th Cir. 2009) and *Khan*, 683 F.3d at 195-96. Finally, hog-tying may be justified even under these limited circumstances by a threat of serious harm posed by the arrestee. *Goode*, 811 Fed. Appx. 227, comparing *Gutierrez*, 139 F.3d at 446-51, with *Khan*, 683 F.3d at 195-96, and *Hill,* 587 F.3d at 235-37.

Plaintiff does not allege she was suffering from cocaine psychosis. She was not left in a prone position or left unmonitored for an extended period. And she did not suffer from positional asphyxia. Plaintiff does not allege she had taken any drugs or that the officers were aware that she had taken any drugs. She only claims she may have been drinking alcohol. There are no facts from which to infer the officers were aware she was increasingly suffering from an episode of "bipolar hypermania" or what that *means* that might render her restraint unconstitutional if officers were aware of both her condition and its effect. To include such facts might reveal that officers were justified—if not required

---

[4] *Khan v. Normand*, 683 F.3d 192, 195-96 (5th Cir. 2012).

by the constitution[5]—to restrain the Plaintiff to protect her or themselves while she was in police custody, to prevent escape, or to effect an arrest.

Plaintiff does not allege that Officer Dominguez was aware of any requisite information under *Gutierrez* that might have triggered a constitutional duty for him to intervene to remove her restraints; she only claims he was present and therefore aware that she was restrained.

Finally, "a 42 U.S.C.S. § 1983 plaintiff must demonstrate an injury, which resulted directly and only from a use of force that was clearly excessive, and the excessiveness of which was clearly unreasonable." *In re Estate of Pratt*, 822 F.3d at 177. Plaintiff has not alleged a more than *de minimis* injury resulting directly and only from the use of an interlocking restraint, or from Officer Dominguez's failure to remove it. Plaintiff only alleges physical injuries from being thrown "to the ground while in handcuffs" and landing on her face. Dkt. 9 at 3-4 ¶¶10-11. The alleged hog-tying occurred ***after*** the fall and claimed physical injuries. *Id.* at ¶11. Purely psychological, nonphysical injury is not actionable under the Fourth Amendment. *Petta v. Rivera,* 143 F.3d 895 (5th Cir. 1998). Dkt. 9 at 4 ¶12 (claiming purely psychological injuries).

### C.  Plaintiff fails to state a plausible bystander liability claim against Officer Dominguez.

To state a bystander liability claim, Plaintiff must allege facts establishing that Officer Dominguez (1) knew a fellow officer was violating an individual's constitutional

---

[5] *See Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

rights; (2) was present at the scene of the constitutional violation; (3) had a reasonable opportunity to prevent the harm but nevertheless; (4) chose not to act. *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020).

Plaintiff's only factual allegations against Officer Dominguez involve his alleged arrival and presence at the scene *after* the alleged use of force and hog-tying by Officer Giles. She claims, "several officers were present at the scene including Officer Roberto Mendez and Christopher Dominguez," that Plaintiff was restrained "for an extended period of time while she sat in a pool of her own blood[,]" and that "[d]espite the number of officers, no attempt was made to remove the hog-tie from Libscumb." Dkt. 9 at 4 ¶12, 10 ¶28. Although her cause of action contends these officers were present "when and while Officer Andrew Giles hog-tied Libscumb for an extended period of time," (Dkt. 9 at 10 ¶28), the factual allegations specify that Officer Dominguez arrived after both the alleged use of force (take down) and hogtying. Dkt. 9 at 3-4 ¶¶11-12 ("Officer Giles proceeded to hog-tie Libscumb…." "At this point, several additional officers arrived at the scene including Officer Christopher Domingez and Officer Roberto Mendez.").

Any bystander liability claim stemming from Plaintiff's alleged fall or take down by Officer Giles "suddenly and without warning," (Dkt. 9 at 3 ¶10), must fail for the obvious reason that Officer Dominguez was not present, and even if he was present, would not have had a reasonable opportunity to intervene to prevent force allegedly used "suddenly and without warning." *See, e.g., Soto v. Bautista*, No. 21-40803, 2023 U.S. App. LEXIS 7160 (5th Cir. 2023) (unpublished) (holding that even assuming that two officers used excessive force, neither had the reasonable opportunity to each other's

9

unconstitutional conduct).

Neither the alleged use nor duration of restraints alone suffice to state a constitutional violation that might trigger a duty to intervene. Bystander liability is not established by alleging Officer Dominguez was present and aware that Plaintiff was hogtied for an "extended" period. Dkt. 9 at 4 ¶12, 10 ¶28. The "length of time for the restraint will not generally be enough to show a constitutional violation." *Plaintiff-Appellant v. Wood Cty. (In re Dustynolds)*, No. 22-40381, 2023 U.S. App. LEXIS 10593, at *10-11 (5th Cir. May 1, 2023) (unpublished) (dismissing bystander liability claims because the underlying excessive force claim failed). Nor has Plaintiff plausibly shown an unreasonable duration of restraint in this case.

The Fifth Circuit has repeatedly considered the use of interlocking restraints, but "[has] ***never*** held that an officer's use of a hog-tie restraint is, per se, an unconstitutional use of excessive force." *Zavala v. Harris County*, No. 22-20611, 2023 U.S. App. LEXIS 31008, at *7 (5th Cir. Nov. 21, 2023)(citing *In re Estate of Pratt*, 822 F.3d at 177). And Plaintiff has not alleged facts to show that Officer Dominguez was either present leading up to the use of these restraints or aware of any circumstances that would have put every reasonable officer on notice that Plaintiff's constitutional rights were being violated by the use of restraints under Fifth Circuit precedent, *supra*, Section I(B). *In re Estate of Pratt*, LEXIS 4757, at *27-28; *Goode*, 811 Fed. Appx. 227.

Without facts showing Officer Dominguez was present, aware of, and had a reasonable opportunity to prevent a clearly established constitutional violation but chose not to act, Plaintiff cannot establish bystander liability on the part of Officer Dominguez or

10

any other officer. *Joseph ex rel. Est. of Joseph*, 981 F.3d at 343.

## II. Plaintiff cannot meet her burden to overcome Officer Dominguez's qualified immunity.

Officer Dominguez is protected by qualified immunity. Dkt. 9 at 10-11 ¶¶28-29. Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

To show clearly established law, a plaintiff has two paths: (A) she can identify an on-point case, or (B) she can satisfy the obvious-case exception. *Henderson v. Harris County*, 51 F.4th 125, 132 (5th Cir. 2022) (citing *Salazar v. Molina*, 37 F.4th 278, 285–86 (5th Cir. 2022)). "As [the Supreme Court] explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *Cole v. Carson*, 935 F.3d 444, 473 (5th Cir. 2019) (en banc) (Ho & Oldham, JJ., dissenting) (quoting *al-Kidd*, 563 U.S. at 742). Under this standard, "'[q]ualified immunity is justified unless ***no reasonable officer*** could have acted as [the defendant officers] did here, or every reasonable officer faced with the same facts would not have [acted as the defendant officers did].'" *Tucker v. City of Shreveport*, 998 F.3d 165, 174 (5th Cir. 2021) (citations and quotations omitted).

"The hurdle is even higher when the plaintiff alleges a Fourth Amendment violation." *Henderson*, 51 F.4th at 135. Excessive force claims in particular "are highly fact-specific and without cases squarely on point, officers receive the protection of qualified immunity." *Mohamed v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 894

11

(N.D. Tex. 2018) (quoting *Ontiveros v. City of Rosenberg,* 564 F.3d 379, 383 n.1 (5th Cir. 2009)). "[Q]ualified immunity protects actions in the hazy border between excessive and acceptable force." *Mullenix v. Luna*, 577 U.S. 7 (2015). Thus, Plaintiff must demonstrate that the law is "*so* clearly established that—in the blink of an eye, in the middle of a high-speed chase—every reasonable officer would know it immediately." *Henderson*, 51 F.4th at 135 (quoting *Morrow v. Meacham*, 917 F.3d 870, 875 (5th Cir. 2019)).

To overcome the qualified immunity defense of a police officer who allegedly did not intervene, a plaintiff must identify law clearly establishing that the defendant's actions violated her constitutional rights, i.e., "she must show that any reasonable officer would have known that the Constitution required them to intervene." *Sligh v. City of Conroe*, 87 F.4th 290, 296 (5th Cir. 2023) (quoting *Joseph ex rel. Est. of Joseph*, 981 F.3d at 345).

Plaintiff has not plausibly shown that Officer Dominguez himself violated her clearly established constitutional rights or was present and aware that another officer was doing so but chose not to act to prevent it despite having a reasonable opportunity to do so. She cannot identify an on-point case or robust body of preexisting precedent putting every reasonable officer on notice that the constitution required them to intervene. Nor do the pleadings satisfy the obvious case exception.

## **CONCLUSION AND PRAYER**

Defendant Christopher Dominguez respectfully prays that the Honorable Court grant this motion, dismiss the Plaintiff's complaint against him with prejudice, and grant all other relief to which he may be justly entitled.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | **ARTURO G. MICHEL**<br>**City Attorney** |
|  |  | CHRISTY MARTIN<br>Section Chief Torts/Civil Rights |
| Date:  March 4, 2025. | By: | */s/ Melissa Azadeh*<br>MELISSA AZADEH<br>*Attorney in Charge*<br>Texas Bar No. 24064851<br>Senior Assistant City Attorney<br>City of Houston Legal Department<br>P.O. Box 368<br>Houston, Texas 77002-0368<br>Tel. (832) 393-6270<br>Fax (832) 393-6259<br>melissa.azadeh@houstontx.gov<br>**ATTORNEYS FOR DEFENDANTS CITY OF HOUSTON AND CHRISTOPHER DOMINGUEZ** |

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's Rules, I certify that the foregoing document, prepared using Times New Roman 13-point font, contains 3,442 words, excluding the case caption, any table of contents or table of authorities, signature block, and certificates.

*/s/ Melissa Azadeh*
Melissa Azadeh

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March 2025, a true and correct copy of the foregoing motion was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, or certified mail, return-receipt requested.

*/s/ Melissa Azadeh*
Melissa Azadeh

## CERTIFICATE OF CONFERENCE

Defendant's undersigned counsel initiated conference by email to lead Plaintiff's counsel, Mr. Adam Fomby, on March 3, 2025, summarizing the grounds for this motion and requesting any additional facts or bases to support Plaintiff's claims or overcome Officer Dominguez's qualified immunity. No response was received prior to this filing. Defendant will file a revised certificate of conference after the parties confer.

*/s/ Melissa Azadeh*
Melissa Azadeh