UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWDESE LIBSCUMB, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3411 |
| | § | |
| ANDREW GILES, CHRISTOPHER | § | |
| DOMINGEZ, ROBERTO MENDEZ, and | § | |
| CITY OF HOUSTON, TEXAS, | § | |
|    Defendants. | § | |

**DEFENDANT CITY OF HOUSTON'S AGREED MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

  Defendant City of Houston ("Defendant") files this Agreed Motion for Entry of a Confidentiality and Protective Order in the above styled and numbered cause, and would respectfully show the following in support:

  1. This is a civil rights case stemming from Plaintiff's arrest by Houston Police Department ("HPD") Officers on June 29, 2023 (Doc. #10 at 2 ¶8). Plaintiff claims excessive force and failure to intervene in violation of his Fourth Amendment rights pursuant to 42 U.S.C §1983.

  2. Discovery is currently stayed, however, Defendant is producing certain records, including bodyworn camera and dashcam video, and may soon be required by the Rules to produce all documents that support claims or defenses. *See* Fed. R. Civ. Pro. 26(a)(1)(A)(ii). These records, and other records expected to be subject to discovery in this case, will include Houston Police Department offense reports, Internal Affairs Division

1

(IAD) records or files, personnel records of police officers, and body-worn camera recordings. These items are not subject to public disclosure as a matter of law and/or constitute an invasion of privacy rights of the individuals involved. Disclosure is also expected to include Houston Police Department standard operating procedures containing sensitive or secret tactical information that require protection. Discovery will also involve production of protected healthcare records of Plaintiff and Defendants. A confidentiality and protective order will facilitate the production of records that otherwise might be withheld as permitted under the rules.

3. Specifically, Houston Police Department IAD files, police training record reports, officer complaint histories, and Texas Commission on Law Enforcement (TCOLE) histories maintained by the police department, are confidential as a matter of law pursuant to Texas Local Gov't Code Sec. 143.089(g) and Sec. 143.1214.

4. Section 552.108, Texas Government Code, exempts from public disclosure information held by a law enforcement agency that deals with the investigation of crime if that investigation did not result in conviction or deferred adjudication. Tex. Gov't Code §552.108(a)(2). Internal records or notations of a law enforcement agency that are maintained for internal use in a matter relating to law enforcement or prosecution are also exempt from public disclosure. Tex. Gov't Code §552.108(b)(2).

5. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers and are created by the police department for the police department's use. *See* Tex. Local Gov't Code 143.1214(b; §143.089(a-f). Pursuant to Section 143.089(g), a police department may not release any information contained in the

department file to any agency or person requesting information relating to a police officer. Tex. Local Gov't Code § l43.089(g). Further, Section 143.089 declares "a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers…, except with an individual's written consent." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied); Tex. Local Gov't Code §143.089 (a-f). Therefore, any Internal Affairs Division files or records are confidential, and their release limited by law.

6.      Further, personnel files maintained by a police officer's employer contain specific personal information that is confidential under Texas law and thus, exempt from public disclosure. *See* Texas Government Code, Chapter 552 et seq. Specifically, the statutory exemptions include but are not limited employee personal information, including employee ID number; home address and telephone numbers, social security numbers, information regarding family members of peace officers; and investigation of a crime under certain circumstances. Tex. Gov't Code §§552.102, 552.117, 552.1175, & 557.108(a)(2). Thus, records of an investigation concerning an allegation or complaint against an officer that is not sustained are protected from disclosure.

7.      Information in personnel files created and maintained by an employer for its own use is deemed to be confidential information. An employer may not release any information contained in the employer created personnel file to any agency or person requesting information relating to an employee, which includes the named defendant police officer in this case. See Tex. Local Gov't Code §l43.089(g); *City of San Antonio*, 851 S.W.2d at 949. Therefore, personnel files are exempt from public disclosure as a matter of

3

law.

8. Moreover, provisions of the Meet and Confer Agreement between the Houston Police Officer Union, as the majority bargaining agent for all police officers, and the City, passed by the Houston City Council on October 3, 2018, as Ordinance 2018-0788, require the Defendant to make application for a protective order limiting the use of any files maintained pursuant to Section 143.089(g), Texas Local Government Code, as these documents are protected from public and/or other disclosure by federal and state law enforcement privileges.

9. Good cause exists for a protective order. Defendant does not seek to withhold confidential information from disclosure to Plaintiff; but is merely moving to prohibit public disclosure of protected/confidential information, so that discovery may proceed without delay or complication.

## PRAYER

For these reasons, Defendant City of Houston respectfully requests that the proposed Confidentiality and Protective Order attached be entered, in its entirety, by this Court for the reasons stated above.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

Date: May 9, 2025.   By:   */s/ Melissa Azadeh*
MELISSA AZADEH
*Attorney in Charge*

4

        Texas Bar No. 24064851  
        Federal Bar No. 1090186  
        Senior Assistant City Attorney  
        CITY OF HOUSTON LEGAL DEPARTMENT  
        P.O. Box 368  
        Houston, Texas 77002-0368  
        Tel. (832) 393-6270  
        Fax (832) 393-6259  
        melissa.azadeh@houstontx.gov  
        ATTORNEYS FOR DEFENDANTS  
        CITY OF HOUSTON, CHRISTOPHER  
        DOMINGUEZ, AND ROBERTO MENDEZ

## **CERTIFICATE OF WORD COUNT**

Pursuant to the Court's Rules, I certify that the foregoing document, prepared using Times New Roman 13-point font, contains 832 words, excluding the case caption, signature block, and certificates.

        */s/ Melissa Azadeh*  
        Melissa Azadeh

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on May 9, 2025, the undersigned conferred with Plaintiff's counsel, Mr. Adam Fomby, by email, who stated that Plaintiff agrees to this motion.

        */s/ Melissa Azadeh*  
        Melissa Azadeh

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, to:

Adam W. Fomby
Jorge Borunda
BORUNDA & FOMBY PLLC
12141 Wickchester Lane, Unit 650
Houston, Texas 77079
adam@txialaw.com
jorge@txialaw.com

*/s/ Melissa Azadeh*
Melissa Azadeh